1

2

3

4

5

6

7

8              **UNITED STATES DISTRICT COURT**

9              **EASTERN DISTRICT OF CALIFORNIA**

10

11   CHRISTOPHER LANE WRIGHT,              )   Case No.: 1:12-cv-01672-AWI-SAB (PC)
                                           )
12                 Plaintiff,              )   ORDER DISMISSING FIRST AMENDED
                                           )   COMPLAINT, WITH LEAVE TO AMEND,
13          v.                             )   FOR FAILURE TO STATE A COGNIZABLE
                                           )   CLAIM
14   L.T. FORD, et al.,                    )
                                           )   [ECF No. 13]
15                 Defendants.             )
                                           )
16   _____ )

17          Plaintiff Christopher Lane Wright is appearing pro se and in forma pauperis in this civil rights

18   action pursuant to 42 U.S.C. § 1983.

19          Plaintiff filed the initial complaint in the United States District Court for the Northern District

20   of California.

21          On July 30, 2012, the action was transferred to the United States District Court for the

22   Southern District of California.  Plaintiff filed an amended complaint in that Court on September 24,

23   2012.

24          On October 11, 2012, the action was transferred to this Court.  Now pending before the Court

25   is Plaintiff's first amended complaint filed on September 24, 2012.

26   ///

27   ///

28   ///

                                                     1

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights.  Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## PLAINTIFF'S COMPLAINT

Plaintiff names Lieutenant Ford, L. Blanco, R. Vega, J. Jeter, K Santoro, and R. Paredes, as Defendants in this action.  The event at issue in the complaint took place while Plaintiff was housed at Wasco State Prison.

On January 23, 2012, Lieutenant Ford did not place Plaintiff on a list to gain access to the law library despite his knowledge that Plaintiff had a pending deadline.

Sergeant Blanco put the safety needs of the prison above letting the general population inmates gain access to the law library by giving protective custody inmates yard time and access to the law library.

Plaintiff showed the main librarian, John Doe 1, his court order deadline and she told him R. Vega to let Plaintiff have access to the law library, but it never happened.  R. Vega told Plaintiff he would provide him forms and envelopes, but he never did.  He telephoned the correctional officer of his housing unit and informed him that Plaintiff was scheduled for March 6, 2012, library access. However, Plaintiff was subsequently transferred from Wasco State Prison to High Desert State Prison.

### III.

### DISCUSSION

#### A.    Linkage Requirement

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  To state a claim, Plaintiff must demonstrate a link between actions or omissions of each named defendant and the violation of his rights; there is no *respondeat superior* liability under section 1983.  Iqbal, 556 U.S. at 676-77, 129 S.Ct. at 1949; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010);  Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.

#### B.    Access to the Court

Inmates have a fundamental constitutional right of access to the courts.  Lewis v. Casey, 518 U.S. 343, 346, 116 S.Ct. 2174 (1996); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009).  The right is limited to direct criminal appeals, habeas petitions, and civil rights actions.  Id. at 354.  Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim).

Christopher v. Harbury, 536 U.S. 403, 412-415 (2002).  For backward-looking claims such as that at issue here, plaintiff "must show: 1) the loss of a 'nonfrivolous' or 'arguable' underlying claim; 2) the official acts frustrating the litigation; and 3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit."  Phillips v. Hust, 477 F.3d 1070, 1076 (9th Cir. 2007), quoting Christopher, 536 U.S. at 413-414, overruled on other grounds, Hust v. Phillips, 555 U.S. 1150 (2007).

Although Plaintiff makes reference to a "pending" court deadline, Plaintiff fails show that he suffered an "actual injury" by being denied access to the law library or that he had no other remedy available for denial of access to the courts other than this action.  Rather, Plaintiff merely alleges that he had a "pending" unspecified deadline in an unspecified action.  Accordingly, Plaintiff has failed to allege a sufficient claim for denial of access to the court.  The Court will grant Plaintiff the opportunity to amend the complaint to cure the deficiencies if he can do so.

## IV.

### CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted.  Plaintiff is granted leave to file an amended complaint within thirty (30) days.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be

"complete in itself without reference to the prior or superseded pleading," Local Rule 220.   "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."   <u>King</u>, 814 F.2d at 567 (citing to <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); <u>accord</u> <u>Forsyth</u>, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1.    The Clerk's Office shall send Plaintiff a civil rights complaint form;

2.    Plaintiff's complaint, filed April 30, 2012, is dismissed for failure to state a claim;

3.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint; and

4.    If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **November 19, 2013**

UNITED STATES MAGISTRATE JUDGE

5